Estate of A. Taylor Hoopes, deceased.   Appeal of W. S. Harris, Guardian of Mabel Wetheral, Wm. J. Wetheral and Edna E. Wetheral, minor children of W. Cooper Wetheral, deceased.

*Will—Lapsed legacy.*

Testator, after making several pecuniary bequests, directed as follows: " In case any one to whom I have herein named (or made) a bequest shall not survive to receive his or her portion, and shall leave no child or children to inherit it, the share of any or all such legatees shall revert to my estate." *Held,* that where a legatee died in testator's lifetime, the children of the legatee are not entitled to participate in the distribution of testator's estate.

*Will—Appeal from probate—Personal property.*

An appeal from a decree probating a will taken five years, less a day, after the probate, is too late as to the personal estate of the testator.

Argued March 1, 1898.   Appeal, No. 44, Jan. T., 1898, by W. S. Harris et al., from decree of O. C. Chester Co., dismissing appeal from register of wills.   Before STERRETT, C. J., GREEN, McCOLLUM, DEAN and FELL, JJ.   Affirmed.

Appeal from register of wills.

The facts appear by the opinion of HEMPHILL, J., which was as follows:

We are asked to dismiss this appeal upon these grounds: first, the decree of the register of wills entered May 16, 1892, probating decedent's will of May 17, 1888, has become final and conclusive; and second, the petitioner as guardian of the minor children of W. Cooper Wetheral, deceased, has no interest under the alleged will of January 27, 1888.

The guardian claims that the interest of his wards in the estate of the decedent, which entitles him to his appeal, arises under the will of January 27, 1888, through a bequest of $2,000 to their father, W. Cooper Wetheral, deceased.

In said will among a number of bequests to be paid out of the proceeds of the sale of his farm is one of $2,000 to Wm. Cooper Wetheral, the father of these minors, but as Mr. Weth-

eral's death preceded that of the testator, this legacy would lapse unless otherwise disposed of by the will. The guardian claims that such disposition has been made by the substitution of his children, and points to the following clause of the will as making it.

" In case any one to whom I have herein named (or made) a bequest shall not survive to receive his or her portion, and shall leave no child or children to inherit it, the share of any or all such legatees shall revert to my estate."

This is not a clause of substitution, for, if under it the children take, it must be by inheritance, and the legacy consequently have to first vest in the parent legatee. As Mr. Wetheral died before the testator the legacy bequeathed to him never vested in him, and his children consequently could not inherit it from him, and have, therefore, no interest under this will. If, however, we are wrong in our construction of the will, the appeal has been taken too late. The decree of the register probating the will of May 17, 1888, was entered May 16, 1892, and no appeal was taken therefrom until May 15, 1897, five years, less a day, thereafter. This decree was under the act of March 15, 1832, conclusive as to the personal estate unless appealed from within three years, and its legality could not be inquired into collaterally: Carpenter v. Cameron, 7 Watts, 51. The appeal in this case was consequently not taken in time, and for this reason, as well as for want of interest in the appellant, must be dismissed.

The rule is therefore made absolute and the appeal dismissed.

*Error assigned* was decree of the court.

*W. S. Harris*, for appellant, cited Com. v. Thomas, 163 Pa. 446; Bradley v. Pierce, 180 Pa. 262; 2 Jarman on Wills, 60; McKeehan v. Wilson, 53 Pa. 74; 1 Williams on Exrs. 339; 2 Story's Eq. Jur. 291; Hellerman's App., 115 Pa. 120; Nebinger's Est., 19 Pa. C. C. R. 569: Wily v. Pearson, 2 W'r'd. 424.

*Alfred P. Reid* and *J. Frank E. Hause*, for appellees, cited, Irwin v. Hanthorn, 1 Pa. Superior Ct. 149; Mellon v. Reed, 123 Pa. 17; McClellan's Est., 158 Pa. 639.

PER CURIAM, March 21, 1898:

For reasons given by the learned president of the orphans'

court, in his opinion sent up with the record, he was clearly right in dismissing the appeal referred to in the specification of error.

Decree affirmed and appeal dismissed at appellant's costs.